UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RICHARD R. TISDALE, | ) | CASE NO. 1:17 CV 1801 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | OPINION & ORDER |
| DEPARTMENT OF JUSTICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 28, 2017, Plaintiff *pro se* Richard Tisdale filed this action against the Department of Justice and the Bureau of Prisons. Plaintiff's 1-page Complaint alleges he "was aggrieved by the use of a national security letter," dated October 15, 2003. He asserts this letter violates his rights under the USA Patriot Act. While the Complaint is certainly unclear, attachments to it indicate Plaintiff's claim is related to his conspiracy and fraud convictions in this Court in 2005. *See, U.S. v. Tisdale*, N.D. Ohio Case No. 1:04 CR 610.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter,

accepted as true, to "state a claim to relief that is plausible on its face." *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid claim, *see*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief), and the Court finds this case is therefore appropriately subject to summary dismissal. *See, Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(complaint may be summarily dismissed when claim is not arguably plausible). Further, to the extent Plaintiff may be seeking to challenge his criminal convictions, his sole federal remedy is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Accordingly, the Motions for Temporary Restraining Order and for Status Conference (ECF ## 2 and 5) are denied, and this action is dismissed.

IT IS SO ORDERED.


Dated: November 9, 2017    *s/      James S. Gwin*
                           JAMES S. GWIN
                           UNITED STATES DISTRICT JUDGE